## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

CNH Industrial Capital America LLC,                 Case No.:18-cv-2795-PJS-DTS

Plaintiff,

v.                                           **ANSWER**

Keith K. Johnson, and Unity Bank, f/k/a
Unity Bank East,

Defendants.

Defendant Unity Bank, f/k/a Unity Bank East ("Unity Bank"), for its Answer to Plaintiff's Complaint states and alleges as follows:

1.   Except as admitted, or otherwise pleaded herein, Defendant Unity Bank denies each and every allegations, matter and thing in Plaintiff's Complaint and puts Plaintiff to its strict proof thereof.

2.   Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 1 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

3.   Upon information and belief, Defendant Unity Bank admits the allegations contained in Paragraph 2 of the Complaint.

4.   Defendant Unity Bank admits the allegations of Paragraph 3 of the Complaint.

5.   In response to the allegations contained in Paragraph 4 of the Complaint, Defendant Unity Bank admits only that Plaintiff seeks to invoke this Court's jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(1).  Defendant Unity Bank is without knowledge or information sufficient

to form a belief as to the remainder of the allegations of Paragraph 4 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

6.   In response to the allegations contained in Paragraph 5 of the Complaint, Defendant Unity Bank admits only that Plaintiff seeks to invoke this Court's jurisdiction pursuant to the provisions of 28 U.S.C. § 1391.  Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 5 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

7.   Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

8.   Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

9.   Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 8 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

10. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 9 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

11. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

12. Defendant Unity Bank denies the allegations of Paragraph 11 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 11 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

13. Defendant Unity Bank denies the allegations of Paragraph 12 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 12 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

14. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 13 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

15. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

16. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

17. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

18. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

19. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

20. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

21. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

22. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

23. Defendant Unity Bank denies the allegations of Paragraph 22 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 22 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

24. Defendant Unity Bank denies the allegations of Paragraph 23 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the

4

remainder allegations of Paragraph 23 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

25. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

26. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

27. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

28. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

29. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

30. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 29 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

31. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

32. Defendant Unity Bank denies the allegations of Paragraph 31 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 31 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

33. Defendant Unity Bank denies the allegations of Paragraph 32 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 32 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

34. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

35. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 34 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

36. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

37. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 36 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

38. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 37 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

39. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 38 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

40. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

41. Defendant Unity Bank denies the allegations of Paragraph 40 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 40 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

42. Defendant Unity Bank denies the allegations of Paragraph 41 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 41 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

43. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

44. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

45. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

46. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

47. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

48. Defendant Unity Bank admits the allegations of Paragraph 47 of the Complaint.

49. Defendant Unity Bank denies the allegations contained in Paragraph 48 of the Complaint and puts Plaintiff to its strictest proof thereof.

50. In response to the allegations contained in Paragraph 49 of the Complaint, Defendant Unity Bank incorporates by reference Paragraphs 1 through 49 above, as if fully set forth herein.

51. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 50 of the Complaint, states that the document speaks for itself, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

52. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 51 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

53. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 52 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

54. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 53 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

55. In response to the allegations contained in Paragraph 54 of the Complaint, Defendant Unity Bank incorporates by reference Paragraphs 1 through 54 above, as if fully set forth herein.

56. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 55 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

57. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 56 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

58. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 57 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

59. In response to the allegations contained in Paragraph 58 of the Complaint, Defendant Unity Bank incorporates by reference Paragraphs 1 through 57 above, as if fully set forth herein.

60. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 59 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

61. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 60 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

62. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 61 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

63. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 62 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

64. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 63 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

65. In response to the allegations contained in Paragraph 64 of the Complaint, Defendant Unity Bank incorporates by reference Paragraphs 1 through 64 above, as if fully set forth herein.

66. Defendant Unity Bank denies the allegations of Paragraph 65 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 65 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

67. Upon information and belief, Defendant Unity Bank admits the allegations contained in Paragraph 66 of the Complaint.

68. Defendant Unity Bank denies the allegations of Paragraph 67 of the Complaint insofar as to the allegations that Johnson granted CNH a first priority purchase money security interest, and

Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder allegations of Paragraph 67 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

69. Defendant Unity Bank admits the allegations of Paragraph 68 of the Complaint.

70. Defendant Unity Bank admits the allegations of Paragraph 69 of the Complaint.

71. Defendant Unity Bank denies the allegations contained in Paragraph 70 of the Complaint and puts Plaintiff to its strictest proof thereof.

72. Defendant Unity Bank admits the allegations of Paragraph 71 of the Complaint.

73. In response to the allegations contained in Paragraph 72 of the Complaint, Defendant Unity Bank admits only that Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. Defendant Unity Bank is without knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 72 of the Complaint, and therefore, denies the same and puts Plaintiff to its strictest proof thereof.

## AFFIRMATIVE DEFENSES

74. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

75. Plaintiff's claims are barred, in whole or in part, because it unreasonably failed to take advantage of opportunities to prevent, mitigate, accommodate, and/or correct any conduct, problem, or complaint.

76. Defendant Unity Bank has insufficient knowledge or information to form a belief as to the nature or extent of any injuries or damages suffered by Plaintiff and, therefore, denies same and puts Plaintiff to its strictest proof thereof.

77. Upon information and belief, Plaintiff has failed to mitigate its damages, if any it has.

78. As a separate and alternative affirmative defense, Defendant Unity Bank alleges that the claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure.  The extent to which such claims contained in the Complaint may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined at this time, and Defendant Unity Bank reserves its right to allege such affirmative defenses as established by the facts of this case at an appropriate time.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Unity Bank prays for judgment as follows:

1.  Plaintiff takes nothing by its pretended Complaint and for dismissal of Plaintiff's Complaint with prejudice;

2.  In the alternative, entering a declaratory judgment that Defendant Unity Bank has a first perfected security interest in all or part of the Collateral and superior to any interest of Plaintiff;

3.  Awarding Defendant Unity Bank its costs, disbursements and reasonably attorneys' fees incurred herein; and

4.  Awarding such other and further relief as the Court deems just and proper.


Dated:  October 26, 2018               **LINDBERG LAW OFFICE, P.A.**


                                       s/ Grant W. Lindberg
                                       Grant W. Lindberg, #0347644
                                       100 Buchanan St. N., Suite 2
                                       Cambridge, MN 55008
                                       Phone:  (763) 689-6896
                                       Fax:  (763) 689-6819
                                       grant@lindberglawoffice.com

                                       **ATTORNEY FOR DEFENDANT
                                       UNITY BANK f/k/a UNITY BANK EAST**