# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CNH Industrial Capital America LLC,<br><br>Plaintiff,<br><br>v.<br><br>Keith K. Johnson and Unity Bank, f/k/a Unity Bank East,<br><br>Defendants. | Case No.:18-cv-02795 (PJS/DTS)<br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR SEIZURE AND DELIVERY OF PROPERTY** |

This matter came before the Court on November 1, 2018, on Plaintiff's Motion for claim and delivery pursuant to Minn. Stat. § 565.23 and Fed. R. Civ. Pro. 64. Benjamin J. Court of Stinson Leonard Street LLP appeared on behalf of Plaintiff. Based on a review of the file, record, and proceedings herein, the Court grants the motion.

## FINDINGS OF FACT

1. Defendant Keith Johnson was served with the Summons and Complaint on October 7, 2018 by personal service. Defendant Unity Bank

2. Plaintiff CNH Industrial Capital America LLC ("CNH") owns certain agricultural equipment (the "Collateral") currently in the possession of defendant Keith K. Johnson ("Johnson").

3. CNH financed the purchase of the Collateral by Johnson by virtue of certain retail installment contract (the "Agreements"), as more specifically set out in Plaintiff's Complaint.

1

4. Johnson currently possesses the following Collateral that is the subject of the Agreements and is pledged by Johnson to CNH as collateral pursuant those agreements:

| Make | Model | Serial Number | Value |
|---|---|---|---|
| New Holland Round Balers | BR7070 | YEN181576 | $16,184.00 |
| New Holland Discbine Mower Conditioner | H7450 | YDN097935 | $15,388.00 |
| Case IH Combine Head | 1020 | JJC0334264 | $4,280.00 |
| Case IH Combine | 2388 | HAJ293242 | $47,156.00 |
| H&S Bale Wrapper | BW100 | 712574 | 17,000.00 |

5. CNH initiated this action against Johnson for breaches of his obligations under the Agreements.

6. Johnson's failures to pay amounts when due as alleged in the Complaint constitute breaches of the Agreements.

7. Johnson has failed to establish a meritorious defense to his alleged breaches.

8. The terms of the Agreements provide that, on a breach of any of those agreements, CNH is entitled to possession of the Collateral.

## CONCLUSIONS OF LAW

9. The Summons and Complaint were properly served on defendants pursuant to Fed. R. Civ. P. 4.

10. CNH has complied with and met its burden of proof under Minn. Stat. § 565.23 and Fed. R. Civ. Pro. 64 to support the issuance of an order for seizure and delivery of property.

11. Probable cause exists that the Collateral is being stored at 15460 Little Lake Road, Center City, Minnesota 55012.

12. There is a likelihood that CNH will prevail on its claims that Johnson defaulted on his obligations under the Agreements and that Johnson's failure to pay amounts when due constitutes breaches of those contracts, entitling CNH to take immediate possession of the Collateral.

13. CNH will be irreparably harmed if the order for seizure and delivery of property is not issued, including, but not limited to, the wear, sale, transfer, or other damage to the Collateral, and Johnson continues to use the Collateral without compensating CNH.

14. By contrast, issuance of the order will not cause undue harm to Johnson because he has defaulted on his obligations under the Agreements with CNH and has no right to continued possession of the Collateral.

Accordingly, IT IS HEREBY ORDERED that:

15. The Collateral comprises and consists of:

| Make | Model | Serial Number |
|---|---|---|
| New Holland Round Balers | BR7070 | YEN181576 |
| New Holland Discbine Mower Conditioner | H7450 | YDN097935 |
| Case IH Combine Head | 1020 | JJC0334264 |
| Case IH Combine | 2388 | HAJ293242 |
| H&S Bale Wrapper | BW100 | 712574 |

16. Johnson shall surrender the Collateral to CNH's agent or to law enforcement, either of whom is hereby directed to take immediate possession of the Collateral and deliver it to CNH.

17. If Johnson does not surrender the Collateral to law enforcement, law enforcement shall enter the premises at 15460 Little Lake Road, Center City, Minnesota 55012, or any such other of Johnson's premises where the Collateral may be found, demand Johnson disclose the location of the Collateral, take immediate possession of the Collateral, and deliver it to CNH.

18. Johnson shall cooperate with law enforcement and CNH's agent and timely surrender possession of the Collateral upon the arrival of law enforcement or CNH's agent.

19. If the Collateral is concealed in a building or elsewhere, and a public demand made by law enforcement for its delivery is refused or there is no response, law enforcement shall cause the building or enclosure to be broken open and shall take the property therefrom.

20. CNH is authorized to immediately sell or otherwise dispose of the Collateral pending final hearing on the merits.

4

21. CNH shall not be required to post a bond.

22. **EXECUTION OF THIS ORDER IS STAYED UNTIL NOVEMBER 17, 2018.**

Dated: November 5, 2018

*s/ David T. Schultz*
Hon. David T. Schultz
United States Magistrate Judge